UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAVID S. ALLEN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:22-CV-131-KAC-DCP |
| HAMBLEN COUNTY SHERIFF'S OFFICE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff David S. Allen, an inmate in the custody of the Jefferson County Sheriff's Department formerly confined in the Hamblen County Jail, filed (1) a motion for leave to proceed *in forma pauperis* [Doc. 1] and (2) a pro se complaint under 42 U.S.C. § 1983, challenging events during his Hamblen County confinement [Doc. 2]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and **DISMISSES** this action because the Complaint fails to state a claim upon which relief may be granted under Section 1983.

## I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1].

Because Plaintiff is in the custody of the Jefferson County Sheriff's Department, Plaintiff is **ASSESSED** the $350.00 civil filing fee. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, United States District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six months before the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

II. **COMPLAINT SCREENING**

    **A. Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule

12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Allegations of Plaintiff's Complaint

On July 30, 2021, Plaintiff was on suicide watch in the Hamblen County Jail after being arrested for a sex crime on July 19, 2021 [Doc. 2 p. 3–4]. While on suicide watch, Plaintiff was housed with two other inmates [*Id.* at 4]. The nurse allegedly told Plaintiff to lie about his charges, but the inmates found out about Plaintiff's charges and began threatening Plaintiff [*Id.*]. Plaintiff "tried everything [he could] to get moved out which resulted in [him] being restrained in the chair until day shift came on" [*Id.*]. Plaintiff then begged not to be put back in his cell, but unspecified officers returned him to his cell [*Id.*]. Plaintiff remained in that cell until he bonded out that afternoon [*Id.*].

Plaintiff sued the Hamblen County Sheriff's Office [*Id.* at 1, 3], and names this Defendant's "Official position" as "Jail's employees" [*Id.* at 3]. As relief, Plaintiff requests that the Court "find the Defendant guilty of violation of [his] civil rights and reward the Plaintiff a substantial amount of money for violating [his] civil rights and endangering [his] personal safety [*Id.* at 5].

3

### C. Analysis

"There are two elements to a . . . [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). For the reasons set forth below, Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983.

***First***, Plaintiff named the Hamblen County Sheriff's Office as a Defendant, but the Hamblen County Sheriff's Office is not an entity subject to suit under Section 1983. *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983) (M.D. Tenn. Aug. 25, 2010). ***Second***, to the extent that Plaintiff intended to sue the Hamblen County Jail's employees by naming them as the "Official position" of Defendant Hamblen County Sheriff's Office, because this entity does not have a corporate or political existence, it is not a "person" subject to liability under Section 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence") (citation omitted); *Payne v. Hamilton Cty. Jail Sheriff's Staff*, 2016 WL 6585579, at *2 (E.D. Tenn. Nov. 7, 2016) (finding that jail staff and medical staff "are not entities that are subject to being sued under 42 U.S.C. § 1983") (citations omitted). Moreover, Plaintiff does not allege that a custom or policy of Hamblen County caused any violation of his constitutional rights such that the Court could liberally construe the Complaint to state a claim against this municipality. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality

4

can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Thus, because Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983, the Court **DISMISSES** Plaintiff's Complaint.

## II. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set forth above;

4. The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under Section 1983;

6. Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. See 28 U.S.C. §1915(a)(3).

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**    s/Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge